IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARYANKUMAR CHAUDHARI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-2842 |
| | : | |
| J.L. JAMISON, *Warden, FDC* | : | |
| *Philadelphia, In his official capacity*, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                    **May 5, 2026**

Petitioner Aryankumar Chaudhari brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Mr. Chaudhari who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Aryankumar Chaudhari is a citizen of India who entered the United States at the northern border without inspection in April 2022. Pet. § 2, Dkt. No. 1; Gov't Opp'n 3, Dkt. No. 4. Customs and Border Protection (CBP) apprehended him shortly after entry, placed him in removal proceedings, issued him a Notice to Appear (NTA), and released him into the United States. Pet. § 2; Gov't Opp'n 3.

On April 29, 2026, more than four years after his release into the United States, Mr. Chaudhari accompanied his father to a scheduled Immigration and Customs Enforcement (ICE) check-in. Pet. § 6. ICE detained Mr. Chaudhari at the check-in and transferred him to the Federal Detention Center in Philadelphia, where he remains. Pet. §§ 1, 6; Gov't Opp'n 4. He filed this

petition the next day. Mr. Chaudhari has "no criminal history and has complied with all ICE reporting requirements since being released into the United States." Pet. § 6.

The Government contends Mr. Chaudhari is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until he is formally admitted or his removal proceedings conclude. Gov't Opp'n 3-4.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here. Gov't Opp'n 5.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Judges in this District have consistently reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*,

2

170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). The Second and Seventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, __ F.4th __, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (finding the government, in the preliminary injunction context, was not likely to succeed on the argument that noncitizens already in the country are subject to mandatory detention under § 1225(b)(2)(A)).[1]

None of that appellate authority binds this Court, but the decisions in *Barbosa da Cunha* and *Castañon-Nava* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa da Cunha*, 2026 WL 1146044, at *4. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Chaudhari] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Mr. Chaudhari's present detention did not occur at or near the border or during an ongoing inspection process. He had been living in the United States since 2022 and was arrested years later at a routine ICE check-in inside the United States. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Mr. Chaudhari's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

---

[1] The Third Circuit has not yet addressed the issue presented in this case but will soon have occasion to do so. *See* Gov't Opp'n 5 n.4.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.